THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EUGENE CARCARAMO, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn [County of Kings], convicting defendant of the crimes of conspiracy, coercion, assault in the third degree, and petit larceny, unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. MORRIS PLAN INDUSTRIAL BANK OF NEW YORK, Appellant, v. HOWARD E. TOWNSEND and Others, Together Constituting the Board of Assessors and the Board of Review of the Town of Greenburgh, and NORMAN C. TEMPLETON, Town Clerk of the Town of Greenburgh, Respondents.— On the court's own motion the decision of this court handed down March 3, 1941 [*ante*, p. 968], is amended to read as follows: Order confirming report of referee and fixing assessments, modified as follows: By adding after the word " referee " in the second line of the first ordering paragraph, the words " in so far as it affects the assessment upon relator's property known as Lot 73, Sheet 40, Block 1708;" by striking out the words " in all respects " from the said second line; by adding the words " as to said Lot 73 " after the word " law " in the fourth line of said paragraph; and by striking out the fifth ordering paragraph. As thus modified, the order, in so far as appealed from, is unanimously affirmed, with fifty dollars costs and disbursements to the appellant, and the matter remitted to the Special Term for rehearing and determination as to Lots 18 and 20, Sheet 6, Block 413. Findings of fact Third and Fourth, in so far as they relate to Lots 18 and 20, and the Sixth finding of fact, and conclusions of law Fourth and Sixth are reversed and disallowed. The determination that the assessment of $88,000 did not constitute an overvaluation was against the weight of the credible evidence. The undisputed proof was that there had been an actual loss for the year preceding the fixation of the assessment. An arithmetical computation based upon the showing of reasonable rents to be derived from the property would disclose a net income which, if capitalized, would result in a valuation substantially less than the amount of the assessment. This is one of the important elements to be considered, but there are others. The proof was conclusive that the suggested use of the property for apartment house purposes was impracticable. One of respondents' expert witnesses testified that the property was worth $9,000 less than the assessment, and that the village assessment is $25,000 less than this assessment. Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ., concur.